UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRANCE FIELDS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-181-HAB-SLC |
| MCPIKE, | |
| Defendant. | |

OPINION AND ORDER

Terrance Fields, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fields alleges he was pulled over by Officer McPike on October 26, 2021, in Marion, Indiana. Fields stepped out of the car, walked over to Officer McPike, and "then I decided to run from him." ECF 1 at 2. He alleges he only got about ten (10) feet before Officer McPike detained him by handcuffing him and striking him in the left side

of the face. Fields alleges Officer McPike's statement[1] that Fields tried reaching for his gun during the incident is inaccurate because the chase lasted less than one minute and because he was already handcuffed while on the ground. He requests monetary damages.

Excessive-force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene . . . .'" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id.* (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (internal quotation marks and citations omitted). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is

---

[1] It is unclear if Fields is referencing a police report, a probable cause affidavit, or something else.

about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id*.

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id*. (brackets, internal quotation marks, and citations omitted).

Here, the complaint does not contain enough information to state a plausible Fourth Amendment claim. Fields does not provide sufficient details that would allow the court to determine whether Officer McPike's conduct was objectively reasonable under the circumstances. In fact, based on the sparse details Fields *has* provided—that he attempted to flee and that Officer McPike struck him once during the course of detaining him post- flight—there is nothing to suggest the conduct was objectively unreasonable.

The complaint is short on specifics about the alleged incident, what led up to it, what occurred afterwards (i.e. whether Fields was arrested and if so, what for), and what type of injury Fields allegedly incurred due to the use of force. Fields mentions "statements" made by McPike but does not provide any further details, nor does he

3

attach any documents to his complaint that he wishes the court to consider as part of it. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The allegations here are simply too vague to state a plausible claim.

As noted above, this complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Fields may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). If he chooses to file an amended complaint, he needs to

4

write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available at a law library or online.[2] After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Terrance Fields until **November 10, 2022**, to file an amended complaint; and

(2) CAUTIONS Terrance Fields if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 10, 2022.

                                            s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT

---

[2] The form can be found on the court's official website at: https://www.innd.uscourts.gov/sites/innd/files/PrCmplnt.pdf.